IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TENNESSEE
GREENEVILLE DIVISION

| | | |
|---|---|---|
| MICHAEL BROOKS and KASEY BROOKS, | ) ) ) | CIVIL ACTION NO. 2:18-cv-00146-HSM-CHS |
| Plaintiffs, | ) ) | |
| v. | ) ) | |
| LAUGHLIN MEMORIAL HOSPITAL, INC., GREENEVILLE COLLECTION SERVICE, INC., CHESNUT LAW OFFICE, LLP, and ALEX A. CHESNUT, | ) ) ) ) ) ) | |
| Defendants. | ) ) | |

## CHESNUT LAW OFFICE, LLP AND ALEX A. CHESNUT'S MEMORANDUM OF LAW IN SUPPORT OF THEIR MOTION FOR JUDGMENT ON THE PLEADINGS

COME NOW, Chesnut Law Office, LLP and Alex A. Chesnut, by and through the undersigned counsel, and respectfully submit this Memorandum of Law in support of their Motion for Judgment on the Pleadings pursuant to Fed. R. Civ. P. 12(c). As stated in the Memorandum in Support of the Motion for Judgment on the Pleadings filed by Co-Defendants Laughlin Memorial Hospital, Inc. and Greeneville Collection Service, Inc.

**I.  RELEVANT PROCEDURAL HISTORY AND FACTUAL BACKGROUND**

This action was filed on August 28, 2018 against the following Defendants:

- Laughlin Memorial Hospital, Inc. – a hospital providing medical services only to Plaintiff Michael Brooks;

1

- Greeneville Collection Service, Inc. – a collection agency hired by Laughlin Memorial to collect an unpaid balance for services rendered;
- Chesnut Law Office, LLP – a law firm representing Laughlin Memorial retained to file a civil action against both Plaintiffs to collect the unpaid balance; and
- Alex A. Chesnut – the attorney with Chesnut Law Office, LLP, who prepared, signed, and filed the civil action against the Plaintiffs in Greene County State Court (Chesnut Law Office, LLP and Alex A. Chesnut are referred to collectively herein as "the Chesnuts").

(*See,* ECF Doc. 1). Greeneville and Laughlin Memorial filed their respective answers and affirmative defenses on September 20, 2018. (*See,* ECF Doc. No. 7 and Doc. No. 8). On October 11, 2018, Plaintiffs filed their First Amended Complaint (*See,* ECF Doc. No. 11) to which Alex A. Chesnut and Chesnut Law Office, LLP responded on October 30, 2018 (*See,* ECF Doc. No. 21). Plaintiffs' First Amended Complaint remains the operative complaint (referred to herein only as the "Complaint"). Defendants now move to for judgment on the pleadings.

Michael Brooks (hereinafter, "Mr. Brooks") incurred a financial obligation to Laughlin Memorial for medical services provided to him. (*See,* ECF Doc. No. 11, ¶¶ 13, 14). When the debt owed to the hospital went unpaid, it hired Greeneville to collect the account and, ultimately, the Chesnut Defendants to file suit against both Plaintiffs (Mr. Brooks and his wife, Kasey Brooks). (*See,* ECF Doc. No. 11, ¶¶ 23, 25, 28). The collection action was filed in Greene County General Sessions Court (State Court) on or about August 28, 2017. (*See,* ECF Doc. No. 11, ¶ 28; Doc. No. 11-1, hereinafter, the "Collection Action"). On November 16, 2017, the

2

Greene County State Court entered a default judgment against Plaintiffs in the amount of $2,631.44. (*See,* ECF Doc. No. 11, ¶ 34; Doc. No. 11-1).

Plaintiffs allege violations of the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. §1692, *et seq.*, and a state law prohibitions on invasion of privacy. (*See,* ECF Doc. No. 11). Plaintiffs also allege that Chesnut and Chesnut Law are liable to them under the Equal Credit Opportunity Act ("ECOA"), 15 U.S. §1691, *et seq.* and Regulation B, 12 C.F.R. §202.1, *et seq. Id.*

Plaintiffs' Complaint consists of the following claims against the following Defendants:

| | |
|---|---|
| As to Laughlin Memorial: | Violations of the ECOA;<br>and Invasion of Privacy (Tennessee State Law) |
| As to Greeneville Collection: | Violations of the FDCPA;<br>and Invasion of Privacy (Tennessee State Law) |
| As to Chesnut Law Office, PLLC: | Violations of the FDCPA;<br>and Invasion of Privacy (Tennessee State Law) |
| As to Alex A. Chesnut: | Violations of the FDCPA;<br>and Invasion of Privacy (Tennessee State Law) |

Chesnut and Chesnut Law respectfully request this Court to grant this Motion for Judgment on the Pleadings entering judgment in their favor as to the ECOA and invasion of privacy claims asserted against Chesnut and Chesnut Law and the FDCPA and invasion of privacy claims asserted against Chesnut and Chesnut Law for the reasons stated herein.

## II. **LEGAL STANDARD**

The standard for the analysis of a motion for judgment on pleadings was set forth by this Court as follows:

> "When a defendant moves for judgment on the pleadings, the Court must construe the complaint in the light most favorable to the plaintiff and accept all well-pled factual allegations as true. *League of United Latin Am. Citizens v. Bredesen,* 500 F.3d 523, 527 (6th Cir. 2007). The Court reviews a motion for judgment on the pleadings under Federal Rule of Civil Procedure 12(c) using the same standards it applies to a Rule 12(b)(6) motion to dismiss. *See Heinrich v. Waiting Angels Adoption Svcs., Inc.,* 668 F.3d 393, 403 (6th Cir. 2012) ("The manner of review under Rule 12(c) is the same as a review under Rule 12(b)(6).") (quotation omitted).
>
> A motion to dismiss for failure to state a claim pursuant to Rule 12(b)(6) is not a challenge to the plaintiff's factual allegations, but rather, a 'test of the plaintiff's cause of action as stated in the complaint.' *Flanory v. Bonn,* 604 F.3d 249, 252 (6th Cir. 2010). '[O]nly a complaint that states a plausible claim for relief survives a motion to dismiss.' *Ashcroft v. Iqbal,* 556 U.S. 662, 679, 129 S. Ct. 1937, 173 L. Ed. 2d 868 (2009). 'A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.' *Id.* at 678 (citing *Bell Atlantic v. Twombly,* 550 U.S. 544, 555, 556, 127 S. Ct. 1955, 167 L. Ed. 2d 929 (2007)). To survive a motion to dismiss under 12(b)(6), plaintiff's 'factual allegations must be enough to raise a right to relief above the speculative level on the assumption that all the allegations in the complaint are true.' *Ass'n of Cleveland Fire Fighters v. City of Cleveland, Ohio,* 502 F.3d 545, 548 (6th Cir. 2007) (citing *Twombly,* 550 U.S. at 555)."

*DP Marina, LLC v. City of Chattanooga,* 41 F. Supp. 3d 682, 685-86 (E.D. Tenn. 2014) (Judge Mattice). The only difference between a Rule 12(c) motion for judgment on the pleadings and a Rule 12(b)(6) motion to dismiss for failure to state claim for which relief may granted is the timing of the motion. *Hunter v. Ohio Veterans Home,* 272 F. Supp. 2d 692, 694 (N.D. Ohio June 26, 2003). As this Court stated:

> "[a] motion to dismiss under Rule 12(b)(6) requires the moving party to request judgment in a pre-answer motion or in an answer. A motion for judgment on the pleadings under Rule 12(c) may be submitted after the defendants filed an answer.'[...] Because the pleadings had been filed at the time defendant made its motion, the Court views this motion as one made pursuant to Rule 12(c). *See Scheid v. Fanny Farmer Candy Shops, Inc.,* 859 F.2d 434, 437 n.1 (6th Cir. 1988) (stating that a Rule 12(b)(6) motion filed after the answer to the complaint may be 'properly considered as one for judgment on the pleadings under Fed. R.

4

Civ. P. 12(c), and evaluated, nonetheless, under the standards for dismissal under Rule 12(b)(6)')."

*Ruppe v. Knox Cty. Bd. of Educ.*, 993 F. Supp. 2d 807, 809-10 (E.D. Tenn. 2014).

Lack of subject matter jurisdiction may be properly raised in a motion for judgment on the pleadings. *See S.G. v. CBL & Assocs. Mgmt.*, 2010 U.S. Dist. LEXIS 17510, at *4 n.1 (E.D. Tenn. Feb. 25, 2010). In considering a motion where subject matter jurisdiction is challenged, the court must determine whether the motion attacks the complaint on its face or attacks the existence of subject matter jurisdiction as a matter of fact. *RMI Titanium Co. v. Westinghouse Elec. Corp.*, 78 F.3d 1125, 1134 (6th Cir. 1996) (citing *Mortensen v. First Federal Savings and Loan Ass'n*, 549 F.2d 884, 891 (3rd Cir. 1977)). A facial attack is concerned with the question of whether the plaintiff has alleged a basis for subject matter jurisdiction on the face of the complaint, and the court takes the allegations of the complaint as true for purposes of its analysis. *United States v. Ritchie*, 15 F.3d 592, 598 (6th Cir. 1994). A factual attack, on the other hand, challenges the actual existence of the Court's jurisdiction over the matter. *Westinghouse Elec. Corp.*, 78 F.3d at 1134. When the motion is based on a factual attack, as in the instant matter, the allegations contained in the complaint are not given the presumption of truth and the Court "is free to weigh the evidence and satisfy itself as to the existence of its power to hear the case." *Id.* The plaintiff bears the burden of establishing that subject matter jurisdiction exists. *DLX, Inc. v. Commonwealth of Kentucky*, 381 F.3d 511, 516 (6th Cir. 2004).

### III. <u>LAW AND ARGUMENT</u>

5

## A. The *Rooker-Feldman* Doctrine Precludes this Court from Exercising Subject Matter Jurisdiction Over Claims for Alleged Injury Caused by the State Court Judgment Entered against Plaintiffs.

"The *Rooker-Feldman* doctrine emerged out of two Supreme Court cases, *Rooker v. Fidelity Trust Co.*, 263 U.S. 413, 44 S. Ct. 149, 68 L. Ed. 362 (1923) and *District of Columbia Court of Appeals v. Feldman*, 460 U.S. 462, 103 S. Ct. 1303, 75 L. Ed. 2d 206 (1983)." *Barnett v. Barnett,* 2013 U.S. Dist. LEXIS 92955, at *11-12 (E.D. Tenn. July 2, 2013). "In both cases, the losing party in state court filed suit in federal court after the state proceedings ended, complaining of an injury caused by the state-court judgment and seeking review and rejection of that judgment." *Exxon Mobile Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280, 291, 125 S. Ct. 1517, 161 L. Ed. 2d 454 (2005). "In effect, the plaintiffs in *Rooker* and *Feldman* sought to "appeal" their state cases to a federal district court." *Barnett*, 2013 WL 3341053, at *4. *Rooker-Feldman* is a combination of the abstention and *res judicata* doctrines, under which the Supreme Court's appellate jurisdiction precludes lower federal courts from engaging in what amounts to appellate review of state court proceedings." *Brown v. First Nationwide Mortgage Corp.*, 206 F. App'x 436, 439 (6th Cir. 2006) (citing *Exxon Mobile Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280, 283-84, 125 S. Ct. 1517, 161 L. Ed. 2d 454 (2005)). As clarified by *Exxon Mobil*, The *Rooker-Feldman* doctrine prevents federal courts from the exercise of jurisdiction over "cases brought by state-court losers complaining of injuries caused by state-court judgments rendered before the district court proceedings commenced and inviting district court review and rejection of those judgments." *Exxon Mobile*, 544 U.S. at 284, 125 S. Ct. 1517. *See also Feldman*, 460 U.S. at 482; *Rooker*, 263 U.S. at 415-16.

6

The Sixth Circuit has adopted "an appropriate rule of thumb" test from the Fourth Circuit's decision in *Davani v. Virginia Dept. of Transportation*, 434 F.3d 712 (4th Cir. 2006) to differentiate between a claim that attacks a state court judgment and that which is an independent claim:

> "The plaintiffs in *Rooker* and *Feldman* sought redress for an injury allegedly caused by the state-court decision itself - in *Rooker*, the plaintiff sought to overturn a state-court judgment in federal district court, and in *Feldman*, the plaintiffs sought to overturn a judgment rendered by the District of Columbia court in federal district court. In *Barefoot* [a pre- Exxon Mobile case], by contrast, we extended the *Rooker-Feldman* doctrine to apply in situations where the plaintiff, after losing in state court, seeks redress for an injury allegedly caused by the defendant's actions."

*McCormick v. Braverman*, 451 F.3d 382, 393 (6th Cir. 2006) (quoting *Davani*, 434 F.3d at 717). "The inquiry then is the source of the injury the plaintiff alleges in the federal complaint. If the source of the injury is the state court decision, then the *Rooker-Feldman* doctrine would prevent the district court from asserting jurisdiction. If there is some other source of injury, such as a third party's actions, then the plaintiff asserts an independent claim." *Id.*

Default judgment in the amount of $2,631.44 was entered against both Plaintiffs on November 16, 2017, in Greene County General Sessions Court. Plaintiffs assert that the FDCPA Defendants violated the statute because they attempted to collect a debt that Plaintiffs, specifically Mrs. Brooks, did not owe. (*See*, ECF Doc. No. 11, Pg. 13). As the result of attempting to collect an allegedly invalid debt, the FDCPA Defendants falsely represented the character or legal status of the debt (*Id.*, Pg. 12), and claimed interest and collection fees from Mrs. Brooks without a signed contract (*Id.*, Pg. 14). Adjudication of these claims would require an impermissible review and rejection of the judgment entered by the state court against both of

7

the Plaintiffs to this action.[1] *See e.g., Catz v. Chalker,* 142 F.3d 279, 293 (6th Cir. 1998) ("Where federal relief can only be predicated upon a conviction that the state court was wrong, it is difficult to conceive the federal proceeding as, in substance, anything other than a prohibited appeal of the state-court judgment."). Plaintiffs' allegations that the debt is not valid cannot coexist with a valid, enforceable judgment issued by the Greene County General Sessions Court. *Rooker-Feldman* prevents this Court from reviewing the validity of the state court judgment; and therefore, Plaintiff's FDCPA claims based on the allegedly invalid debt.

Each of the following alleged violations of the FDCPA violations fall within the scope of the *Rooker-Feldman* doctrine:

### 1. *Attempting to Collect a Debt Not Owed.*

In *Singleton v. Hospital of Morristown , Inc.,* a factually similar case brought by the same attorney representing Mr. and Mrs. Brooks, Judge Greer dismissed Plaintiffs' assertion that those defendants violated the FDCPA by attempting to collect a debt not owed stating:

> "To the extent that the plaintiffs assert that they do not owe the debt underlying the state court default judgments, that claim falls within the *Rooker-Feldman* doctrine and is not properly before this Court. To sustain such a claim would require the Court to exercise appellate review of the state court judgment, which found the plaintiffs owed the underlying debt to [Defendant]. The plaintiffs in this claim are directly challenging the underlying debt, not the collection efforts. The FDCPA claim of the amended complaint premised on finding that the plaintiffs do not owe the underlying debt is DISMISSED WITH PREJUDICE."

*Singleton v. Hosp. of Morristown,* 2016 U.S. Dist. LEXIS 172549, at *15 (E.D. Tenn. Dec. 14, 2016). As in *Singleton*, Plaintiffs are attempting to challenge the underlying debt itself and not

---

[1] On November 17, 2018, the General Sessions Court of Greene County entered a default judgment against both of the Plaintiffs to this action in favor of Laughlin Memorial on the account at issue in the amount of $2,631.44 plus costs and interest. (*See,* ECF Doc. No. 11-1.) This judgment is not known to have been vacated or otherwise disturbed.

8

the collection behavior of the Defendants. Mrs. Brooks asserts she does not owe the debt. (*See*, ECF Doc. No. 11, ¶59.) This claim is precluded by *Rooker-Feldman*.

### 2. *False Representation of the Character or Legal Status of the Debt.*

Plaintiffs assert that "by falsely representing that Mrs. Brooks owes the debt simply because she was married to Mr. Brooks when the alleged debt was incurred is a false representation of the character and legal status of the debt." (ECF Doc. No. 11, ¶ 13.) This allegation challenges the underlying debt itself after the state court conclusively determined that Mrs. Brooks owes the debt. Plaintiffs are not asserting any unlawful collection behavior, but instead are asserting the debt is invalid. This claim is precluded by *Rooker-Feldman*.

### 3. *Attempting to Collect Interest and Attorney's Fees Without a Signed Contract.*

Plaintiffs claim that the amount sought in the Collection Action ($2,631.44) and the amount ultimately awarded by the state court (also, $2,631.44) is comprised, at least in part, of interest and collection fees based on a contract with Mr. Brooks but not Mrs. Brooks. (*See*, ECF No. Doc. No. 11, ¶¶ 60, 61.) Again, this allegation attacks the amount of the judgment entered against the Plaintiffs by the state court and falls squarely within the preclusive ambit of the *Rooker-Feldman* doctrine. The state court determined that Laughlin Memorial was entitled to $2,631.44 and entered judgment in this amount against both of the Plaintiffs. The state court awarded precisely the amount sought. Review of that amount by this Court is precluded by *Rooker-Feldman*.

### B. Remaining Claims.

Plaintiffs assert three additional FDCPA claims which are not asserted to be precluded by *Rooker-Feldman*. First, Plaintiffs claim that the Chesnuts violated §1692g of the FDCPA by

9

failing to send Plaintiffs a written notice containing the statutory disclosures set forth in §1692g within five days of the initial communication. Plaintiffs affirmatively state that the Collection Action itself was the initial communication for purposes of §1692g. (*See*, ECF Doc. No. 11, ¶ 52.) The event which triggers the obligation to send the disclosures identified in 15 U.S.C. §1692g is the "initial communication." If there has been no "initial communication" then the obligation to provide the disclosure identified in 1692g does not arise.

A civil complaint is not an "initial communication." The text of §1692g(d) specifically *excludes* "formal pleadings" from the meaning of "initial communication" stating: "[a] communication in the form of a formal pleading shall not be treated as an initial communication for purposes of [1692g](a)." 15 U.S.C. §1692g(d). A summons and complaint in the General Sessions Court is a formal pleading. *See, e.g. White v. Sherman Fin. Grp., LLC*, 984 F. Supp. 2d 841, 852 (E.D. Tenn. 2013). This claim requires dismissal. Plaintiffs have not alleged the existence of an "initial communication" sufficient to state a claim for violating 1692g, which is not triggered *until* there has been an initial communication and Plaintiffs do not allege any other contact or communication between the Plaintiffs and the Defendants.

There is a split in decisions of Judges in this district as to whether or not a General Sessions Civil Warrant constitutes a "formal pleading", and is exempt from classification as an initial communication. In *White v. Sherman Fin. Group, LLC,* 984 F. Supp. 2d 841 (E.D. Tenn. 2013) (Varlan, J.), the General Sessions Court Civil Warrant was found to fall within the "formal pleading" exception. The Chesnuts urge this Court to adopt that holding, and to therefore dismiss the Plaintiffs' claims related thereto.

10

Case 2:18-cv-00146-HSM-CHS Document 66 Filed 09/03/19 Page 10 of 13 PageID #: 502

## C. All Defendants are Entitled to Judgment Regarding Plaintiffs' Invasion of Privacy Claim.

Plaintiffs assert that all Defendants are liable to them for invading their privacy rights and intruding upon their right to seclusion. (*See*, ECF Doc. No. 11, Count XV). The factual bases for this allegation (which appear to be intertwined with the FDCPA and ECOA claims and concern only Mrs. Brooks) are as follows:

- "The Defendants intentionally and/or negligently interfered, physically or otherwise, with the solitude, seclusion and private concerns or affairs of Mrs. Brooks, namely, by unlawfully attempting to collect a debt from her and thereby invaded Mrs. Brooks' personal and financial privacy." (ECF Doc. No. 11, ¶ 86); and

- "The Defendants intentionally and/or negligently caused emotional harm to Mrs. Brooks by engaging in highly offensive conduct in the course of collecting this debt by attempting to a collect a debt not owed by Mrs. Brooks simply because she was married to Mr. Brooks, thereby invading and intruding upon her right to personal and financial privacy." (ECF Doc. No. 11, ¶ 87).

In *Brandon v. Buffalo & Assocs, PLC*, the same counsel who represent Mr. and Mrs. Brooks brought identically pled invasion of privacy claims before this Court on behalf of different plaintiffs and this Court found that those plaintiffs failed to state a claim. *See, Brandon v. Buffaloe & Assocs., PLC*, 2013 U.S. Dist. LEXIS 191151 (E.D. Tenn. Sep. 4, 2013). In dismissing the identically pled claims, Judge Greer stated:

> "Tennessee courts have recognized that an unreasonable intrusion upon the seclusion or private affairs of another may be actionable as a tortious invasion of privacy[.] § 652B. The Restatement defines the tort as follows: 'One who intentionally intrudes, physically or otherwise, upon the solitude or seclusion of another or his private affairs or concerns, is subject to liability to the other for invasion of his privacy, if the intrusion would be highly offensive to a reasonable person[.]'

11

Plaintiff is thus required to plead and prove three elements: '(1) an intentional intrusion, physical or otherwise; (2) upon the plaintiff's solitude or seclusion or private affairs or concerns; (3) which would be highly offensive to a reasonable person.' In the context of the tort of invasion of privacy by intrusion upon seclusion, the plaintiff will usually have to prove: '(1) an actual subjective expectation of seclusion or solitude in that place, conversation or matter; and (2) that expectation of privacy was objectively reasonable.'"

*Id.* at *13-14. Based upon these virtually identical allegations, the Court stated that it

"agrees that plaintiff does not plead sufficient facts to give rise to a plausible claim for relief as to invasion of privacy ... There is no allegation that private financial information was disclosed, that outrageous conduct was engaged in, that any inappropriate or offensive language was used by defendant's employees, or that any kind of derogatory comments were made. Plaintiff has failed to sufficiently plead this claim." *Id.* at *14-15.

Plaintiffs *do not* allege that Defendants placed telephone calls to Mrs. Brooks or disclosed her private affairs or concerns to another. *See, e.g. Yount v. Midland Funding, LLC*, 2016 U.S. Dist. LEXIS 16154, at *20 (E.D. Tenn. Feb. 10, 2016) (dismissing similar invasion of privacy claims asserted by the same counsel as in the present case); *Hoffman v. GC Servs. Ltd. P'ship.*, 2010 U.S. Dist. LEXIS 139509, at *1 (E.D. Tenn. Mar. 3, 2010) (dismissing similar invasion of privacy claims asserted by the same counsel as in the present case). Rather, Mrs. Brooks appears to assert, in wholly conclusory fashion, that the filing of the collection lawsuit in state court *itself* invaded her privacy in some non-specific, general sense (despite the fact that a judgment was entered against her by the state court). Plaintiffs have failed to state a viable claim for invasion of privacy and Alex A. Chesnut and Chesnut Law Office, LLP are entitled to judgment on this claim.

### IV. **CONCLUSION**

For the reasons stated herein, Alex A. Chesnut and Chesnut Law Office, LLP

respectfully request that their Motion for Judgment on Pleadings be granted and that judgment be entered in their favor.

Respectfully submitted this 3rd day of September, 2019.

                                  **CHESNUT &**
                                  **CHESNUT LAW OFFICE, LLP**

                         By: /s/ *T. Wood Smith*
                             **T. WOOD SMITH**
                             **TN Bar #006340**
                             **416 West Main Street**
                             **Greeneville, TN 37743**
                             **(423) 639-3588**
                             **woodman1008@comcast.net**

                             **Attorney for Chesnut**
                             **and Chesnut Law Office LLP**

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing Memorandum of Law in Support of Their Motion for Judgment on the Pleadings has been served upon the following by Notice of Electronic Filing, on this the 3rd day of September, 2019:

| | |
|---|---|
| Alan C. Lee | John H. Bedard, Jr. |
| Attorney for the Plaintiffs | Atty. for Greeneville Collection Services, |
| Post Office Box 1357 | Inc. & Laughlin Memorial Hospital, Inc. |
| Talbott, TN 37877-1357 | 4855 River Green Parkway, Suite 310 |
| aleeattorney@gmail.com | Duluth, GA 30096 |
| | jbedard@bedardlawgroup.com |

Michael K. Chapman
(Admitted Pro Hac Vice)
Attorney for Greeneville Collection
 Services, Inc. & Laughlin Memorial
 Hospital, Inc.
4855 River Green Parkway, Suite 310
Duluth, GA 30096
mchapman@bedardlawgroup.com

                                          /s/ *T. Wood Smith*
                                          **T. WOOD SMITH (#006340)**
                                          **Attorney at Law**